UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANNIEL HENDRIX,

        Plaintiff,

Case No. 15-13079

Honorable John Corbett O'Meara

v.

NUA VULJAI,

        Defendant.
                                      /

**OPINION AND ORDER GRANTING
DEFENDANT'S MOTION TO DISMISS**

This matter came before the court on defendant Nua Vuljai's October 8, 2015 motion to dismiss. Plaintiff Danniel Hendrix filed a response October 20, 2015. No reply was filed, and no oral argument was heard.

Plaintiff Danniel Hendrix worked as a waitress for defendant Nua Vuljai at the Omega Grill in Detroit, Michigan, from March 2013 through June 2015. In her *pro se* complaint, Plaintiff alleges she was repeatedly sexually harassed by Defendant in violation of Title VII of the Civil Rights Act of 1964 and that he misused her name for tax purposes.

**LAW AND ANALYSIS**

Under Title VII, "a litigant must exhaust available administrative remedies in a timely fashion" before filing suit in federal court. Brown v. General Servs. Admin., 425 U.S. 820, 832 (1976). This requires that a plaintiff file an administrative charge with the EEOC to obtain a right to sue letter before filing his or her lawsuit. The statute prevents a litigant from bringing a claim that was not included in an EEOC charge. 42 U.S.C. § 2000e-5(f)(1); Younis v. Pinnacle Airlines, Inc., 610 F.3d 359, 361 (6th Cir. 2010).

In this case plaintiff Hendrix, who is not represented by counsel, failed to file an administrative charge with the EEOC before filing her suit in this court. Therefore, the court lacks subject matter jurisdiction to hear the matter; and it must grant Defendant's motion to dismiss.

Plaintiff contends that her suit can proceed without a right to sue letter from the EEOC, relying on Adamov v. U.S. Bank Nat'l Ass'n, 726 F.3d 851 (6th Cir. 2013). However, in Adamov, the appellate court determined that because the defendant failed to raise the exhaustion issue on a retaliation claim with the district court, the defendant had forfeited the argument. In this case defendant Vuljai has raised the exhaustion issue; therefore, the court must grant the motion to dismiss.

Plaintiff also alleges that Defendant used her name and social security number for tax purposes; however, she fails to cite a private right of action to sue for the misappropriation. Finally, the court notes that although Plaintiff's complaint must be dismissed from this court for failure to exhaust administrative remedies, she may have viable claims that could be pursued in state court.

## ORDER

It is hereby **ORDERED** that defendant Vuljai's October 8, 2015 motion to dismiss is **GRANTED.**

          s/John Corbett O'Meara
          United States District Judge

Date: April 8, 2016

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, April 8, 2016, using the ECF system and/or ordinary mail.

          s/William Barkholz
          Case Manager